**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4453**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

EVERETTE EMERSON MILLS,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:06-cr-00474-NCT-2)

Submitted:  February 19, 2009      Decided:  March 24, 2009

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte,
North Carolina, for Appellant.  Sandra Jane Hairston, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everette Emerson Mills pled guilty, pursuant to a plea agreement, to one count of conspiring to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). Mills stipulated in his plea agreement that he was accountable for at least fifteen kilograms of cocaine. At the conclusion of Mills' plea hearing, the district court found Mills' plea knowing and voluntary and accepted it. The court sentenced Mills to ninety-four months' imprisonment, and Mills timely appealed.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In his Anders brief, Mills contends that the district court erred in denying his request to withdraw his guilty plea and that the district court abused its discretion in finding a factual basis existed for his plea. In his pro se supplemental brief, Mills argues that the Government violated his immunity agreement and that the district court erred in determining his base offense level. We affirm.

Mills first argues that the district court erred in denying his motion to withdraw his guilty plea. This court reviews a district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). A defendant may

2

withdraw a guilty plea before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Six factors are considered in reviewing the district court's denial of a motion to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

This court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). A voluntary and intelligent plea of guilty "is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (quotations omitted). We have reviewed the record and conclude that, to the extent that Mills moved to withdraw his guilty plea during his first sentencing hearing, the district court did not abuse its discretion in denying his motion.

Mills next claims the district court abused its discretion in accepting his guilty plea because the plea was not supported by a factual basis. This court reviews a "district court's finding of a factual basis for abuse of discretion, and '. . . will not find an abuse of discretion so long as the district court could reasonably have determined that there was a

3

sufficient factual basis on the record before it.'" United States v. Ketchum, 550 F.3d 363, 367 (4th Cir. 2008) (quoting United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007)). A district court may conclude that a factual basis exists to support a plea from anything that appears on the record. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Mills admitted he was involved in a conspiracy to distribute cocaine, twice acknowledged that he was responsible for at least fifteen kilograms of cocaine, and stated his agreement with the Government's factual basis. Accordingly, the record was sufficient to establish a factual basis on which the court could accept Mills' plea.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. In doing so, we have considered the arguments asserted in Mills' pro se supplemental brief and find them to be without merit. We therefore deny Mills' motion to produce record on appeal and motion of errata and affirm Mills' conviction and sentence. This court requires that counsel inform Mills, in writing, of the right to petition the Supreme Court of the United States for further review. If Mills requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Mills.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5